# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL VALLES,** | : | CIVIL ACTION NO. 1:10-CV-2620 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCHISM, et al.,** | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 by petitioner Michael Valles ("Valles"), a federal inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania. Valles contends that respondents violated his constitutional rights in the context of a disciplinary hearing. (Doc. 1, at 1.) The petition is ripe for disposition and, for the reasons that follow, will be dismissed based on Valles' failure to exhaust the Federal Bureau of Prisons' ("BOP") administrative review process.

## I.     Background

On May 30, 2010, Valles received an incident report for Offense Code 299, "Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution or the Bureau of Prisons (Escape from Unescorted Community Programs and Activities and Open Institutions and from Outside Secure Institutions - Without Violence.)" (Doc. 7-1, at 11.) Following a July 15, 2010 hearing before a Disciplinary Hearing Officer ("DHO"), Valles was found guilty of

the charged misconduct and sanctioned with twenty-seven days disallowance of good conduct, thirty days of disciplinary segregation, twelve months loss of phone and visitation privileges, and a disciplinary transfer. (Doc. 7-1, at 11-13.)

According to Attorney Advisor Michael S. Romano, Valles then pursued relief through the BOP's administrative review process; "a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment." (Doc. 7-1, Declaration of Michael S. Romano ("Romano Decl."), Attorney Advisor, at ¶ 3, citing 28 C.F.R. §§ 542.10-542.19.) This process dictates that an inmate first must raise the complaint with the warden of the institution where he or she is confined within twenty calendar days from the date of the alleged injury. 28 C.F.R. § 542.14. If an inmate is dissatisfied with the response received from the warden, he or she may appeal the decision to the Regional Office and, thereafter, the General Counsel of the BOP. See § 542.15. A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id. If at any point an inmate misses a deadline imposed by federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his or her grievance. See § 542.14(b). Acquisition of an extension requires that an inmate provide a "valid reason for the delay." Id.

Valles took the following steps:

> A review of the record reveals petitioner has filed 3 administrative remedies. He filed remedy no. 602342-RI on August 9, 2010, challenging the DHO hearing at issue in this petition. It was rejected for not filing the proper amount of continuation pages/number of copies at each level of appeal

2

> (CPG RSR). He re-filed on August 18, 2010 (Remedy No. 602342-R2). It was accepted. It was denied on September 17, 2010. Petitioner did not appeal to the central office/national level until November 1, 2010. It was rejected for being untimely (past the 30 days required by policy). He was given the opportunity to provide staff verification that the untimely filing was not his fault, which he failed to do. He was afforded the opportunity to resubmit with staff verification for being untimely.

(Doc. 7-1, Romano Decl., at ¶ 3, relying on Doc. 7-1, at 29-31.)

## II. <u>Discussion</u>

Respondents seek dismissal of the petition because Valles has failed to fully exhaust available avenues through the administrative review process. (Doc. 7, at 10.) Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996) (citing <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." <u>Moscato</u>, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

Although he timely filed his initial request for administrative review, he did not appeal to the central office in a timely manner. And, despite being given the

3

opportunity to provide staff verification that the untimely filing was not his fault, he failed to do so. Consequently he failed to exhaust the administrative review process.

Exhaustion is excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S.Marshals, 840 F.2d 202, 205 (3d Cir. 1998). There is no indication that excusing exhaustion is warranted in this case.

## III. **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:       January 31, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL VALLES,** | : | CIVIL ACTION NO. 1:10-CV-2620 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCHISM**, et al., | : | |
| Respondents | : | |

# **ORDER**

AND NOW, this 31st day of January, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED due to petitioner's failure to exhaust the administrative review process.

2. The Clerk of Court is directed to CLOSE this case.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge